UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DANIEL SHUSTARICH,

        Plaintiff,

v.

NORTHERN BELT & CONVEYER, INC., and GREGG HILL,

        Defendants.

Case No. 24-cv-0448 (LMP/LIB)

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT**

---

Donald C. Erickson**, Fryberger Law Firm**, Duluth, MN, for Plaintiff.

Bradley J. Lindeman, **Meagher + Geer, P.L.L.P.**, Minneapolis, MN, for Defendants.

    Plaintiff Daniel Shustarich brought this action alleging that his former employer, Defendant Northern Belt and Conveyer, Inc. and its CEO Gregg Hill (collectively "Northern Belt"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 209, by failing to pay him overtime compensation, ECF No. 17 at 5; breached his employment contract by failing to pay him overtime and failing to reimburse him for a cell phone plan, *id.* at 6; and violated Minnesota law when it terminated him after he suffered a work-related injury, *id.* at 7–8.

    Shustarich worked at Northern Belt from February 14, 2008, to his termination on July 12, 2022. ECF No. 17 at 3. Relevant to his FLSA claim, he alleges that he was required to work more than 40 hours in a workweek but was never paid overtime, in violation of the FLSA. *Id.* at 4–5. Shustarich sought $2,812.50 for his unpaid overtime

hours, $2,812.50 for liquidated damages, ECF No. 15 at 7, and "attorney's fees and costs," ECF No. 17 at 6.

Before the Court is a joint motion to: (1) approve a settlement of the FLSA claim, which arguably requires the Court's approval; and (2) dismiss the remaining claims, which were settled privately and without need of the Court's approval. ECF No. 22. Under the settlement, Shustarich will receive $5,000: $3,000 paid directly to him and $2,000 to be paid to his attorneys. ECF No. 26-1 at 2. In exchange, Shustarich releases all claims against Northern Belt. ECF No. 26-1 at 2. In support of their settlement, the parties assert that the settlement is fair and equitable. ECF No. 24 at 4–7.

There is "a split among the circuits over whether judicial approval is required for all FLSA settlements." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853 (8th Cir. 2021) (citing *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019)); *see also Shanley v. Evereve, Inc.*, No. 22-cv-0319 (PJS/JFD), 2022 WL 17076753, at *2–5 (D. Minn. Nov. 18, 2022) (detailing the varied approaches of the circuits). The Eighth Circuit has repeatedly declined to answer the question. *Vines*, 9 F.4th at 854, n.1 ("We leave the question of whether judicial approval is required for all FLSA settlements for another day.").

Nevertheless, "the clear trend among district courts is to review the settlement terms." *Gardner v. HCL Am., Inc.*, No. 20-cv-2340 (ECT/DTS), 2021 WL 6776552, at *1 (D. Minn. Oct. 6, 2021). "When a district court reviews a proposed FLSA settlement, it may approve the settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017). Courts consider

five factors in determining fairness and equity: "(1) the stage of the litigation and the amount of discovery exchanges, (2) the experience of counsel, (3) the probability of the plaintiffs' success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case." *Gardner*, 2021 WL 6776552, at *1 (D. Minn. Oct. 6, 2021) (quotation omitted).

Considering the parties' submissions, ECF Nos. 22, 24, and in view of the agreement's terms, ECF No. 26-1, the Court finds that the settlement fairly and equitably resolves a bona fide wage-and-hour dispute. There is a bona fide dispute because Shustarich alleges, and Northern Belt denies, that he was not paid for overtime hours. *Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *4 (D. Minn. May 8, 2017) (Bona fide disputes exists when parties "are in disagreement about the wages to be paid and liability of the issues."). As to the relevant factors, both Shustarich and Northern Belt are represented by experienced counsel who have exchanged sufficient information about the strength and weaknesses of their respective cases and determined that neither side is guaranteed to succeed. Further, there is no evidence of overreaching. In short, the Court has no doubt that the settlement is fair and equitable. Likewise, the attorney's fees negotiated between the parties are reasonable. *See Isbell v. Polaris, Inc.*, No. 22-cv-1322 (WMW/DJF), 2023 WL 6662980, at *2 (D. Minn. Oct. 12, 2023) ("[T]he Eighth Circuit has approved the percentage-of-recovery methodology in reviewing fee requests.") (citing *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)).

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. The Joint Motion for Approval of Settlement (ECF No. 22) is **GRANTED.**

2. This action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 14, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge